17997

CITY OF SUMTER, Respondent, v. James E. LEWIS, Freddie Lee Williams, Leckyler Gillard, John E. Toney, Johnny Lee Davis and Roosevelt McCollough, Appellants.

(128 S. E. (2d) 685.)

*Messrs. Ernest A. Finney, Jr.,* of Sumter, *William W. Bennett,* of Florence, and *Jenkins & Perry,* of Columbia, *for Appellants,*

*Messrs. C. M. Edmunds, of Sumter,* and *Daniel R. Mc-Leod, Attorney General,* and *Everett N. Brandon, Assistant, Attorney General,* of Columbia, *for Respondent,*

December 3, 1962.

LEGGE, Acting Associate Justice.

The six appellants, Negro college students, were arrested on October 12, 1960, and charged with breach of the peace. On November 22, 1960, they were tried before the Recorder of the City of Sumter, without a jury, and each was found guilty and sentenced to pay a fine of one hundred dollars or to serve thirty days in prison. This appeal is from a judgment of the Circuit Court affirming their convictions.

The Sheriff of Sumter County, who was the only witness for the prosecution, testified as follows:

About eleven o'clock on the morning of October 12, 1960, shortly after "sit-in" demonstrations by Negroes at the lunch counters of S. H. Kress & Company and the Cut Rate Drug Store had resulted in the arrest and jailing of the par-

ticipants, the sheriff and the chief of police, driving on Main Street, observed three of the appellants walking back and forth in front of the Kress store bearing placards protesting racial segregation, and the other three walking back and forth in front of the Cut Rate Drug Store, on the opposite side of the street, bearing similar placards. Some people were standing in groups nearby, watching them, and there appeared to be "more of an air of tension than normal", brought about, in the opinion of the witness, by "these other incidents." After observing appellants for two or three minutes, he and the chief of police, concluding that their parading might lead to trouble, arrested them. He testified further: that there was no overt act indicating tension; that he had received no complaint concerning appellants; that they were walking on the sidewalk in single file, making no noise and not obstructing traffic; that he observed no disorderly conduct on their part; and that he said nothing to them prior to their arrest.

The facts here, as revealed by the sheriff's testimony, readily distinguish this case from *State v. Edwards*, 239 S. C. 339, 123 S. E. (2d) 247, upon which the respondent relies. In our opinion they do not support the charge of breach of the peace.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.